UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD GARNET,

           Plaintiff,

-against-

RAMOS BROTHERS INC.,

           Defendant.
------------------------------------------------------------X

REPORT & RECOMMENDATION
16 CV 2792 (RJD)(LB)

*[Handwritten:* The Court adopts the recommendation of Magistrate Judge Bloom. Motion is denied. Plaintiff may amend his complaint within 20 days. *So Ordered.* /s/ RAYMOND J. DEARIE, UNITED STATES DISTRICT JUDGE, 2/13/17*]*

**BLOOM, United States Magistrate Judge:**

Plaintiff, Edward Garnet, brings this action against defendant, Ramos Brothers, Inc. ("Ramos"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y. Exec Law § 296(2)(a); and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107.4(a). Despite proper service of the summons and complaint, Ramos has failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The Honorable Raymond J. Dearie referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be denied without prejudice.

## BACKGROUND

Plaintiff is a resident of the State of New York, suffers from cerebral palsy, a congenital disorder that impairs his motor and sensory functions. (ECF No. 1, "Compl.", ¶ 4.) As a result, plaintiff uses a wheelchair for mobility. (Id.) Plaintiff alleges that defendant is the "owner, lessee and/or operator" of property located at 190-05 Union Turnpike in Queens, New York 11366

("Property").[1] (Id. at ¶ 5.) In or about March 2016, plaintiff visited the Property but was denied full and equal access due to several "architectural barriers". (Id. at ¶¶ 4, 14.) Plaintiff alleges that defendant's Property violates the ADA due to, *inter alia*, inaccessible parking, ramps, and curbs. (Id. at ¶ 16.)

Plaintiff commenced this action on June 1, 2016 seeking injunctive and declaratory relief, compensatory damages, as well as attorneys' fees and costs. (ECF No. 1.) Despite proper service, defendant has failed to appear or otherwise defend this action. On June 28, 2016, plaintiff requested a certificate of default against defendant and the Clerk of Court noted Entry of Default on July 11, 2016. (ECF Nos. 5, 7.) On July 19, 2016, plaintiff filed a motion for a default judgment. (ECF No. 8.) On August 25, 2016, the motion for a default judgment was referred to me. On August 30, 2016, I directed plaintiff "to file a memorandum of law setting forth the cases and other authorities relied upon in support of his motion" and directed counsel "to provide the Court with appropriate documentation to support his claim for attorneys' fees." (ECF No. 9.) The very next day, August 31, 2016, plaintiff filed a two paragraph "Memorandum of Law in Support of Plaintiff's Motion for Default Judgment" ("Memorandum of Law") along with a spreadsheet of counsel's billing records. (ECF Nos. 11, 11-1.)

## DISCUSSION

### I. Standing

Standing is an "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Thus, even though defendant has not appeared in this action and has not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing. See Access 4 All, Inc. v. Thirty E. 30th St., LLC, No. 04 Civ. 3683 (KMW)(DF), 2006 U.S. Dist.

---

[1] Plaintiff provides no additional information regarding the Property. (See generally Compl.)

LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2006) ("Ensuring that standing requirements are met by each plaintiff in each lawsuit brought under the ADA enables courts to ensure that the ADA is not being abused . . . ."). In the ADA context, where plaintiff seeks injunctive relief based upon lack of access to a public accommodation,[2] a plaintiff establishes standing if:

> (1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intend[s] to return to the subject location.

Kreisler v. Second Ave. Diner Corp., No. 12 CV 4093, 2013 U.S. App. LEXIS 19642, at *6 (2d Cir. Sept. 25, 2013) (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (per curiam)); accord Harty v. Simon Prop. Group, L.P., 428 F. App'x 69, 71 (2d Cir. 2011). Plaintiff's complaint establishes the first two elements,[3] but fails to sufficiently establish that plaintiff intends to return to the Property.

"[N]o standard has been established for the necessary degree of 'likelihood' that an ADA plaintiff will return, nor a specific number of times per year that plaintiff will visit the facility, nor even how far forward in time should be considered in determining whether the injury might be imminent[.]" Access 4 All, Inc. v. G&T Consulting Co., LLC, No. 06 CV 13736 (DF), 2008 WL 851918, at * 8 (S.D.N.Y. Mar. 28, 2008) (citations omitted). However, "courts have considered

---

[2] The sole remedy available under the ADA is injunctive relief; there is no damage remedy. See 42 U.S.C. §§ 12188(a); 12182(b)(A)(iv).

[3] Plaintiff's complaint barely satisfies the past injury requirement under the ADA. Plaintiff has a clearly established statutorily protected disability and he was unable to enter defendant's business due to architectural barriers. See e.g. Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551 (ENV)(LB), 2013 WL 6835157, at *2 (E.D.N.Y. Dec. 20, 2013); Shalto v. Bay of Bengal Kobo Corp., No. 12 CV 920 (KAM)(VMS), 2013 WL 867429, at *3 (E.D.N.Y. Feb. 6, 2013), report and recommendation adopted as modified, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013). However, plaintiff's complaint, other than stating that the Property is a public accommodation, provides no allegations demonstrating that the Property falls within the ADA definition. (Compl., at ¶ 11 ("the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.")). In fact, plaintiff fails to even allege what business is located at the Property. (Id.) Without such an allegation, it is difficult for this Court to find that the Property qualifies as a public accommodation that is subject to the ADA. See e.g. Shariff, 2013 WL 6835157, at *4, n.2 (noting that, on a motion for default judgment, simply alleging that the business is a 'public accommodation' may not be sufficient).

the following factors to be relevant: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the defintiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Id. (internal quotations and citations omitted); see also Disabled in Action of Metro N.Y. v. Trump Int'l Hotel & Tower, No. 01 CV 5518 (MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) ("Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access.") (citations omitted).

Here, the complaint states that plaintiff "continues to desire to visit the Subject Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers[.]" (Compl., at ¶ 14.) This allegation, even on a motion for default, is insufficient. Plaintiff must allege, "either in his complaint or in a sworn affidavit[,] that he intends to return to defendant's [Property]." Shariff v. Radamar Meat Corp., No. 11 CV 6369 (NGG)(RML), ECF No. 15 at p. 4, (E.D.N.Y. Aug. 12, 2013) (denying plaintiff's motion for a default judgment, with leave to supplement, where the complaint failed to sufficiently allege that plaintiff intended to return to defendant's establishment). Here, plaintiff has failed to provide the court any "details concerning his proximity to defendant's [Property], and has not stated how often he has attempted to visit the [Property] or travels in the vicinity of the [Property]." Id. (collecting cases where standing was established after plaintiff properly alleged an intent to return to the store through a showing of residential proximity, travel plans, and a clear intention to return). Plaintiff's complaint lacks the basic information necessary for the Court to find that plaintiff has standing to

maintain this ADA lawsuit seeking declaratory and injunctive relief.[4]

Accordingly, as the Court finds that plaintiff's complaint fails to demonstrate that plaintiff has standing, the Court recommends that plaintiff's motion for a default judgment as to plaintiff's ADA claim should be denied.[5]

## II. State and City Law Claims

A federal court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage."). As the Court recommends that plaintiff's ADA claim should be dismissed, I respectfully recommend that the Court should decline to exercise supplemental jurisdiction over plaintiff's state and city law claims. See Shariff, No. 11 CV 6369 (NGG)(RML), ECF No. 15 at p. 4 (declining to exercise supplemental jurisdiction after dismissing plaintiff's ADA claim on a motion for a default judgment).

---

[4] Plaintiff provides no information regarding his intention to return to the Property in either his Motion for Default Judgment, ECF No. 8, or in his Memorandum of Law, ECF No. 11.

[5] The Court notes that counsel has filed a similar complaint for the same plaintiff in another action in this District, Garnet v. Group 5 Realty LLC, No. 16 CV 4060 (LDW). Notwithstanding the fact that the other lawsuit resolved through settlement, the Court is concerned regarding the similarity and deficiencies of these complaints. See e.g. Cankat v. 41st Avenue Restaurant Corp., No. 15 CV 4693 (SJ)(MDG), 2016 WL 7217638, at *5 (E.D.N.Y. Dec. 12, 2016) (internal quotations omitted) (where the Court expressed concern that attorneys are "mock[ing] the [ADA's] mission by engaging in serial ADA litigation to take advantage of the statute's attorney's fees provision."); Taylor v. 312 Grand Street, LLC, No. 15 CV 5410 (BMC), 2016 WL 1122027, at *5 (E.D.N.Y. Mar. 22, 2016) (articulating concerns regarding the "disturbing image conjured up by these attorney-generated lawsuits"). The Court appreciates that the "ADA is a trailblazing civil rights law that changed individual lives and national stereotypes about people with disabilities" but cautions counsel to take care with each and every complaint he files. Cankat, 2016 WL7217638, at *5.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment should be denied without prejudice. If this Report & Recommendation is adopted, plaintiff should be provided the opportunity to amend his complaint. Plaintiff shall serve a copy of this Report & Recommendation upon defendant at its last known address and file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                   /S/
                                            LOIS BLOOM
                                            United States Magistrate Judge

Dated: January 17, 2017
        Brooklyn, New York